■ AMERICAN RICE, INC., Plaintiff-Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent. [795 NYS2d 191]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 9, 2003, which, in an action on a crime policy for loss caused by plaintiff's employee's alleged misappropriation of plaintiff's subsidiary's assets, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The action was properly dismissed upon undisputed facts that in the months preceding plaintiff's application for the subject insurance, plaintiff knew that its chief executive officer and president had been found civilly liable for fraud, and that he was claiming in the context of plaintiff's bankruptcy proceeding, spuriously according to plaintiff, that he, not plaintiff, was the true owner of plaintiff's subsidiary. Clearly, plaintiff did not regard this claim as mere posturing, as other of its officers became so concerned about unauthorized money transfers, many of which occurred prior to plaintiff's insurance application, that they demanded in writing and without avail, documentary justification therefor. Under these circumstances, plaintiff

cannot claim, as represented in its application for the insurance, that it then had no reason to question this person's honesty (Insurance Law § 3105). We have considered plaintiff's other arguments and find them unavailing. Concur—Marlow, J.P., Ellerin, Nardelli, Williams and Sweeny, JJ.